***Denise L, Savage, Esq.*** **(S.C. Bar No. 102567)**
**dsavage@denisesavage.com**
**Savage Law, PLLC, *Attorneys for Plaintiff* **
**705 Greene Street**
**Beaufort, South Carolina 29902**
**Phone: (843) 522-0058**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| DENISE LYNN SAVAGE,<br><br>Plaintiff,<br><br>V.<br><br>TOWN OF MADISON, CONNECTICUT,<br><br>Defendant. | **CIVIL ACTION: 9:26-CV-__________**<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Denise Lynn Savage (the "**Plaintiff**"), files this complaint against the Town of Madison, Connecticut (the "**Defendant**"), and respectfully sets forth, represents and alleges as follows:

## PARTIES

1. At all relevant times herein, Plaintiff, is a resident of Beaufort County, South Carolina
2. At all relevant times herein, by Charter, the Town of Madison, Connecticut is and has been an incorporated municipality in the State of Connecticut.

## JURISDICTION AND VENUE

1. The United States District Court for the District of South Carolina has subject-matter jurisdiction over the claims in this lawsuit under 28 U.S.C. §§ 1332(a) and 1357.

2. The United States District Court for the District of South Carolina has personal jurisdiction over the parties pursuant to 28 U.S.C. §1332.
3. Venue is proper in the United States District Court for the District of South Carolina, Beaufort Division, pursuant to 28 U.S.C. § 1391.

**THE INCIDENT**

3. On July 2, 2025 at approximately 11:30 am-Noon, the Plaintiff and her husband, Berryman W. Edwards, III, were walking on a Pier located adjacent to 94 West Wharf Road, Madison, CT 06443 (the "**Incident**").
4. Upon information and belief, the Pier located adjacent to 94 West Wharf Road, Madison, CT is owned and operated by and under the auspices of the Town of Madison, Connecticut.
5. At that above-mentioned date, time and location, the Plaintiff went to sit down on a concrete bench on the Pier. Because of a lack of a back on the bench and no fencing or other protective border on the Pier, Plaintiff tipped backwards and rolled off the Pier falling upside-down and fell 10-feet head-first onto plastic floating dock. She landed on the plastic dock on her head, then her legs flipped over and hit the dock and then she submerged into the water.
6. The Plaintiff was lifted out of the water by the Madison, Connecticut EMTs and an ambulance took her to the nearest trauma center located at Yale New Haven Hospital ("**YNHH**").

**INJURY, CLAIM AND DAMAGES**

7. The Plaintiff was treated by the Trauma department at YNHH and then placed in the Emergency Room. While in the ER, she started vomiting profusely and

could not stop. YNHH doctors diagnosed Ms. Savage with a fracture under her right knee and a torn ACL, injury to her left knee, and a" 2/2 concussion /mild TBI [traumatic brain injury]" resulting in the profuse and "intractable vomiting." Thus, Ms. Savage was admitted into the hospital for further treatment and oversight. She was discharged on July 3, 2025.

8. The Plaintiff seeks damages for injuries sustained, including, but not limited to, medical costs, compensatory damages, punitive damages, pain and suffering, emotional distress, loss of enjoyment of life and loss of consortium arising from and continuing since her accident.

9. Based upon guidance in the YHHS discharge documents, the Plaintiff consulted with an orthopedist in Beaufort, South Carolina (where Plaintiff resides) to assess her right knee by MRI.

10. The MRI disclosed a totally torn ACL in Plaintiff's right knee.

11. The Plaintiff also consulted a neurologist for her severe neck and shoulder pain and underwent an MRI of her neck and spine.

12. The neck MRI disclosed a compression in her cervical spine causing the gravitation of pain to Plaintiff's shoulders.

13. Since the Incident, Plaintiff has sought care from physicians and physical therapists to address the pain in her knees, the torn ACL and the neck compression.

14. To date, the Plaintiff is unable to squat, run or paddle. Plaintiff wears a brace on her knees to remediate pain when she walks.

15. After the Incident, Plaintiff started having panic attacks, has had issues with her memory, major mood swings, dizziness, lost location when driving in a familiar area and has had severe difficulty sleeping.
16. Plaintiff has also been hampered in her ability to practice law. She has lost her train of thought while making courtroom arguments and has been unable to focus of her work.
17. Accordingly, the Plaintiff has had to undergo brain scans and commenced seeing a psychiatrist and is taking anti-anxiety medication and anti-depressants. In order to sleep, the Plaintiff has also had to eat cannibus edibles (collectively, the "**Medication**"). Prior to the Incident, the Plaintiff had never taken any such medications/drugs and had never been treated by a psychiatrist.
18. A side effect of the Medication has impacted the Plaintiff's sex life and satisfaction, therewith.
19. A Notice of Claim was duly served on the Town Clerk of the Town of Connecticut on August 27, 2025, pursuant to Connecticut General Statutes Chapter 238, Title 13A, Section 13a-149, and also constituted and served as Notice of Claim of Damages by injuries pursuant to any other applicable Notice of Claim statute under Connecticut law.

## FAILURE TO SECURE THE PIER

20. A review of public records for the Defendant discloses that in 2021, the Town of Madison filed an "after the fact" application to install a fence on the West Wharf Pier (the "**Fence Application**"), where the Incident took place.

21. The Fence Application was prepared and submitted by Harkin Engineering on behalf of the Defendant. The application sought authorization to:

> The land uses adjacent to the project area are "recreational" (swimming, boating, fishing, crabbing, etc.). The project site is owned by the Town of Madison (Municipal) and directly abuts Long Island Sound. The proposed project consists of an "After the Fact" approval for a safety / security fence that was erected around the recently installed Town of Madison Dock located at the West Wharf Pier.
>
> The proposed project consists of an "After the Fact" approval for a safety / security fence that was erected around the recently installed Town of Madison Dock located at the West Wharf Pier. The dock is closed to the Public and is only used by the Town of Madison Fire Department for their Fire Boat and the Town Parks & Rec Boat. The dock (60') was installed with approval from the CTDEEP under an emergency authorization that will include a Certificate of Permission Application at a later date. The fencing (80'+) is black, approximately 6' high and contains one locking gate. The fencing only goes around the dock area and was designed to keep the general public from trespassing onto the dock for both safety and security reasons. All fencing has been installed above the CJL. The application is also for the installation of a security pole with a security camera and the installation of utilities to the dock (electric, water, etc.).

Fence Application, dated May 3, 2021.

22. For reasons unknown to the Plaintiff, the fence (the "**Fence**") sought in the Fence Application was never erected.

23. The installation of Fence was a discretionary decision to be made by the Defendant.

24. Accordingly, the Defendant knew or should of known that failure to erect the Fence around the West Wharf Pier endangered people given access to the West Wharf Pier.

25. The Plaintiff's Incident was, thus, foreseeable by the Defendant who failed to act to protect the public from injury on the West Wharf Pier.

## AS AND FOR A FIRST CAUSE OF ACTION

(1) Plaintiff reasserts and realleges all allegations set forth hereinabove.

(2) Defendant knew or should have known that the lack of a Fence on the West Wharf Pier created a safety issue for persons using the Pier.

(3) As a result of this negligence, Plaintiff has suffered severe physical injuries causing significant pain, ongoing physical limitations.

## AS AND FOR A SECOND CAUSE OF ACTION

(4) Plaintiff reasserts and realleges all allegations set forth hereinabove.

(5) Defendant knew or should have known that the lack of a Fence on the West Wharf Pier created a safety issue for persons using the Pier.

(6) As a direct result of the Defendant's negligence, Plaintiff has suffered severe emotional and psychological trauma which has impeded connections with loved-ones, physical intimacy, focus of work, dizziness, depression, anxiety and sleeplessness.

## AS AND FOR A THIRD CAUSE OF ACTION

(7) Plaintiff reasserts and realleges all allegations set forth hereinabove.

(8) As a direct result of the Defendant's negligence, the Plaintiff has suffered a deleterious impact to her enjoyment of life, as she is prevented from engaging in activities, including, but not limited to, sports, spending times with loved-ones.

## AS AND FOR A FOURTH CAUSE OF ACTION

(9) Plaintiff reasserts and realleges all allegations set forth hereinabove.

(10) The Defendant had actual knowledge that installing a Fence would provide safety for the public to enter the Pier and, in its discretion, failed to act in the best interest of the public.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order and Judgment, as follows:

1. An order and judgment finding the Defendant failed, in its discretion, to erect a fence to protect the public from foreseeable injury.
2. An order and judgment finding the Defendant's negligence was a proximate cause of the Plaintiff's physical and emotional injuries.
3. An order and judgment in favor of the Plaintiff finding that her conduct did not in any way contribute to her injuries from the Incident.
4. An order and judgment against the Defendant and in favor of the Plaintiff to compensate the Plaintiff for the loss of economic opportunities suffered by the Plaintiff.
5. An order and judgment against the Defendant and in favor of the Plaintiff to compensate the Plaintiff for the physical injuries and resulting limitations on her lifestyle and family life;
6. An order and judgment against the Defendant for the emotional and psychiatric injuries resulting in limitations on her work, lifestyle and family life.

7. An order and judgment for punitive damages against the Defendant and in favor of the Plaintiff arising from Defendant's disregard of the public safety in failing to erect a Fence; and
8. For such other and further relief as the Court deems necessary and proper.

Respectfully submitted,

SAVAGE LAW PLLC
By: /S/ Denise L. Savage
Bar No. S.C. 102567
dsavage@denisesavage.com
705 Greene Street
Beaufort, South Carolina 29902
*Attorneys for the Plaintiff*

Beaufort, South Carolina
October 29, 2026